## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                              No. 6:19-cr-60037

CHRISTOPHER FUGATE                                          DEFENDANT

### ORDER

On April 20, 2020, Defendant, CHRISTOPHER FUGATE, filed a *pro se* Motion for

Ineffective Counsel. ECF No. 22. Defendant was previously appointed competent counsel, namely

Mr. Matthew Hill of the Federal Defender's office for the Western District of Arkansas. ECF No.

7. The Court Ordered Mr. Hill to respond to the Motion for Ineffective Counsel, and Mr. Hill has

filed his Response, *ex parte* and under seal as directed by the Court. ECF No. 27. Mr. Hill also filed

a separate Motion to Withdraw (ECF No. 28) based on the facts set out in his Response. Both of

these Motions have been referred to the undersigned for decision.[1]

**1. Background**:

Defendant was found indigent on September 26, 2019 at his first appearance. ECF No. 5.

The Court on that date appointed the Federal Defender, specifically Mr. Matt Hill, to represent the

Defendant. ECF No. 7. On April 20, 2020, Defendant filed his "Motion for Ineffective Counsel."

With this Motion, the Defendant seeks appointment of new counsel and alleges the following:

   a. Counsel has "lost all trust in his attorney because he has failed to investigate the
   case";

   b. The search of his backpack and vehicle at the time of his arrest was not proper;

   c. The police report detailing his arrest was not accurate;

---

[1] Mr. Hill's Motion to Withdraw has also been filed in the separate case of *United States v. Fugate*, 6:14-60005. In that case, Defendant is charged by Petition with violation of conditions of a previously imposed term of supervised release. The Court will enter a separate Order addressing the Motion to withdraw in that case.

d. Counsel failed to "investigate the defects in the indictment";

e. Counsel is "working with the other imposing [sic] party and also trying to help convict" the defendant"; and

f. Counsel is "over loaded with cases and can not defend defendant."

These six allegations are the sum total of Defendant's Motion.  On May 5, 2020, the Court conducted an *ex parte* hearing with Defendant and Counsel regarding the allegations of Counsel's deficient performance.[2]   The Court will summarize the statements of Defendant, taking care not to disclose any specific communication between Defendant and Counsel.

At the hearing, Defendant stated he did not believe Counsel was "fighting for him."  He was generally dissatisfied with the status of his case.  The Court inquired about the specific allegations of the Motion for Ineffective Counsel.  Defendant admits Counsel has communicated with him regarding the discovery provided by the Government and a plea bargain negotiation with the Government.  Defendant was unable to identify any specific defensive motion he believed Counsel should file.  Defendant believes he has factual defenses to the charges in the Indictment, yet has clearly not been willing to fully discuss the facts of the case with Counsel.  Defendant was not satisfied with the fact Counsel relayed to him the communications Counsel has had with the Government's lawyers in this case.

Counsel in his *ex parte* Response, discusses each of these assertions made in the Motion for Ineffective Counsel in detail. ECF No. 27.   The Court will not set out those specific responses to the extent they involve either specific attorney client communication or attorney work product.   It

---

[2]Because of the ongoing COVID-19 pandemic, this hearing was conducted by video conference. While Defendant did not sign a written waiver of personal appearance, he did agree to waive personal appearance for the purpose of the hearing on the instant Motion.  Defendant did specifically reserve his right to personal appearance for all future proceedings.  On May 4, 2020, the Government, through email communication with the Court was informed of the upcoming *ex parte* hearing and  indicated it did not desire to file any response to Defendant's Motion for Ineffective Counsel.

is clear from the statement of Defendant and the Response of Counsel, that the allegations of ineffective counsel have no basis in fact. Counsel has conducted a thorough investigation of this case. A review of the Indictment here (ECF No. 10) shows three counts alleging violation of Federal criminal law.[3] For each of the three counts, the Indictment sets out in a clear fashion the crime charged, the essential elements of the crime, and is signed by both the foreperson of the Grand Jury and the Assistant U.S. Attorney prosecuting the case. The Indictment is not flawed. Counsel has discussed possible trial strategy, possible defenses, and the potential for a change of plea with Defendant. Counsel has undertaken extensive plea negotiations with the Government on Defendant's behalf and communicated the same to Defendant. Finally, Counsel represents to the Court that his case load is reasonable, well managed and he stands ready to fully represent Defendant in this case.

2. **Discussion**:

A motion for new counsel is committed to the sound discretion of the trial court. *See United States v. Webster*, 84 F.3d 1056, 1062 (8th Cir.1996). To prevail on a motion for new counsel, a defendant must show "justifiable dissatisfaction" with appointed counsel. *United States v. Boone*, 437 F.3d 829, 839 (8th Cir. 2006). "Justifiable dissatisfaction" sufficient to warrant new counsel includes "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Exson*, 328 F.3d 456, 460, (8th Cir.) *cert. denied*, 540 U.S. 1011 (2003). "The court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications." *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir.), *cert. denied*, 537 U.S. 1024 (2002).

---

[3]Count 1 charges Defendant with violation of 18 U.S.C. § 922(g), being a prohibited person in possession of a firearm. Count 2 charges Defendant with violation of 21 U.S.C. § 841(a), possession of less than 50 kilograms of marijuana. Count 3 charges Defendant with violation of 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking offense.

"The defendant's right to counsel ... does not involve the right to a 'meaningful relationship' between an accused and his counsel." *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir.1992), *citing Morris v. Slappy*, 461 U.S. 1, 13–14 (1983). Thus, frustration with appointed counsel's performance or disagreement with counsel's tactical decisions is not justifiable dissatisfaction. "The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of advocacy." *Exson*, 328 F.3d at 460. The fact that counsel is on friendly terms with the prosecutor, that counsel refuses to file motions which he considers baseless, or that a defendant is generally dissatisfied with counsel's performance, are not sufficient reasons to warrant granting a motion for new counsel. *See id.*

In this case, it is clear Defendant is unhappy with his situation generally. However, his Counsel did not create the facts of this case. Counsel has properly refused to file a motion to dismiss the Indictment as any such motion would almost certainly be denied as baseless. There is no conflict of interest preventing Counsel from representing the Defendant here. Counsel is an assistant Federal Defender for the Western District of Arkansas. As such, his sole job is defending persons such as the Defendant who are charged with crimes in Federal Court in this District. Further, there has been no breakdown in communication between Defendant and Counsel. Rather, Defendant does not like the information Counsel has presented to him: the strength of the Government's case, the nature of the plea bargain offered by the Government, and the likelihood the Government will obtain a conviction here. These reasons are not "justifiable dissatisfaction" sufficient to require the Court to appoint new counsel.

Defendant is entitled to competent counsel. Defendant is not entitled to counsel he likes, counsel he agrees with, counsel who tells him what he wants to hear, or counsel of his choice. He has been appointed and is represented by very competent counsel. The *pro se* Motion for New

Counsel should be denied.

Counsel has also filed a Motion to Withdraw as Counsel based on Defendant's statement he has lost faith in appointed Counsel. ECF No. 28. For the same reasons set forth above, this Motion to Withdraw should be denied.

**3. Conclusion:**

**IT IS ORDERED** Defendant's *pro se* Motion for Ineffective Counsel (ECF No. 22) and Counsel's Motion to Withdraw (ECF No. 28) are in all respects **DENIED**.

While Defendant's Motion for new counsel is denied, the Court advises Defendant that he may proceed *pro se* in this matter and represent himself if he so desires. Should Defendant wish to proceed *pro se* and represent himself he must notify the Court in writing of his desire to do so. The Court **does not** encourage Defendant to proceed *pro se.*

ENTERED this **5th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE